IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIDAHMED HMEIDA<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>PLAINTIFF<br><br>v.<br><br>WISEY'S #1, LLC<br>1440 Wisconsin Avenue, NW<br>Washington, DC 20036<br><br>SERVE: Royal Service Company, Inc.<br>5335 Wisconsin Avenue, NW<br>Suite 440<br>Washington, DC 20015<br><br>DEFENDANT. | Case No.: |

## COMPLAINT

Plaintiff Sidahmed Hmeida ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant Wisey's #1, LLC ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Commonwealth of Virginia.

2. By participating as named plaintiff in this action, Plaintiff hereby consents to participate in an action under the FLSA, DCMWA, and DCWPA.

3. Defendant is a limited liability company formed under the laws of the

District of Columbia.

4. At all times relevant, Defendant operated continuously as an eatery in the District of Columbia and regularly engaged in food delivery and related activities in the District of Columbia and Maryland.

5. All of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

6. At all times Defendant used and handled goods and products that traveled from outside the District of Columbia and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. On information and belief, each year during Plaintiff's employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiff and at least two other employees of Defendant were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Pursuant to the foregoing, at all times, Defendant was Plaintiff's "employer" for purposes of the FLSA, DCMWA, and DCWPA.

10. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter

jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**FACTS**

11. Plaintiff was employed by Defendant as a delivery driver for the period of about February 2016 through about March 2017 (about 54 weeks).

12. While employed, Plaintiff typically and customarily worked six (6) shifts per week. Each shift started at or about 10:00 AM and concluded at or about 12:00 AM and allowed for a one (1) hour break period. As such, Plaintiff worked at or about seventy-eight (78) hours per week.

13. At all times, Defendant had actual knowledge of all hours Plaintiff worked each week and directed Plaintiff to work all hours herein alleged.

14. For all hours Plaintiff worked, Defendant paid Plaintiff in cash at the rate of $5.00 per hour (the last 2 weeks were paid in cash at $6.00 per hour).

15. The rate Defendant paid Plaintiff was less than the applicable Federal Minimum Wage of $7.25 per hour.

16. The rate Defendant paid Plaintiff was less than the applicable District of Columbia Minimum Wage (February 2016 - June 2016: $10.50 per hour; July 2016 - March 2017: $11.50 per hour).

17. As a delivery driver, Plaintiff also received tips from customers.

18. Defendant never provided Plaintiff with legally required notice of its intention to pay wages to Plaintiff pursuant to the Federal and District of Columbia "tip credit"

19. At no time did Defendant comply with all statutory requirements to use

the "tip credit" method of paying Plaintiff as provided by Federal or District of Columbia law.

20. Because Defendant did not comply with the Federal or District of Columbia "tip credit" requirements, Defendant cannot use tips Plaintiff received from customers to mitigate or cure its Federal or District of Columbia minimum wage or overtime compensation obligation.

21. Defendant now owes Plaintiff unpaid wages as follows:

   a. The difference between the rate Defendant paid Plaintiff and the applicable District of Columbia (or Federal) minimum wage rate for all non-overtime hours worked each week; and

   b. The difference between the rate Defendant paid Plaintiff and the rate of one-and-one-half times the applicable District of Columbia (or Federal) minimum wage rate for each overtime hour Plaintiff worked more than forty (40) per week.

22. Defendant now owes Plaintiff unpaid wages in the approximate amount of $36,984.00 calculated as follows:

| Time Period | Hours Worked Per Week | Total Weeks | DC Minimum Wage | Required Time-and-One-Half Overtime Rate | Rate Paid Per Non-Overtime Hour Worked | Rate Paid Per Overtime Hour Worked | Non-Overtime Wages Owed Per Week | Overtime Wages Owed Per Week | Total Wages Owed Per Week | Total Wages Owed |
|---|---|---|---|---|---|---|---|---|---|---|
| Feb 2016 - June 2016 | 78 | 21 | $10.50 | $15.75 | $5.00 | $5.00 | $220.00 | $408.50 | $628.50 | $13,198.50 |
| July 2016 - Feb 2017 | 78 | 31 | $11.50 | $17.25 | $5.00 | $5.00 | $260.00 | $465.50 | $725.50 | $22,490.50 |
| Mar-17 | 78 | 2 | $11.50 | $17.25 | $6.00 | $6.00 | $220.00 | $427.50 | $647.50 | $1,295.00 |
| | | | | | | | | | TOTAL WAGES OWED | $36,984.00 |

23. At all times, Defendant had actual knowledge of the Federal and District of Columbia minimum wage and overtime requirement.

24. Prior to the commencement of Plaintiff's employment, Defendant was put on notice of its obligation to pay employees in accordance with Federal and District of Columbia law because in 2015, Defendant was sued in the United States District Court for the District of Columbia for a failure to pay wages to an employee in compliance with the Federal and District of Columbia wage laws.

25. At all times, Defendant had actual knowledge that the rate and method by which it compensated Plaintiff was in direct violation of Federal and District of Columbia law.

26. Defendant intentionally paid Plaintiff in cash rather than by payroll so as to attempt to hide its knowing and willful minimum wage and overtime pay violation.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

27. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

28. The FLSA required Defendant to pay Plaintiff for non-overtime hours at an hourly rate at least equal to the Federal Minimum Wage and for overtime hours at the FLSA required time-and-one-half rate.

29. As set forth above, Defendant failed to pay Plaintiff minimum wage or overtime compensation in compliance with the FLSA requirements.

30. Defendant's failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid wages in such an amount as is proven at trial, liquidated damages as provided by Federal law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

31. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

32. The DCMWA required Defendant to pay Plaintiff for non-overtime hours at an hourly rate at least equal to the District of Columbia Minimum Wage and for overtime hours at the DCMWA required time-and-one-half rate.

33. Defendant's failure and refusal to pay Plaintiff as required by the

DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
### DCWPA

34. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

35. Under the DCWPA, Defendant was obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

36. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

37. Plaintiff performed work duties for Defendant's benefit as set forth above for which Defendant failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

38. Defendant owes Plaintiff wages for work duties performed as set forth above.

39. Defendant's failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

40. Defendant's failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*